CISSELL v. CISSELL'S *Executor, Appellant.*

1.  **Settlement of Deceased Guardian's Accounts:** APPEAL.  An appeal from proceedings against the executor of a deceased guardian to compel him to settle the accounts of the guardianship, must be taken during the term or within ten days thereafter, as prescribed by the Administration Act, (Wag. Stat., p. 119, § 2; R. S. 1879, § 293,) and not within six months after the decision, as prescribed by the Guardian Act, (Wag. Stat., p. 681, § 50; R. S. 1879, § 2616).

2.  **Appeals.**  If an appeal be not taken in time the appellate court has no power to make any order in the case except to dismiss the appeal or strike the case from the docket.  It cannot inquire into the jurisdiction of the lower court.

*Appeal from Cape Girardeau Circuit Court.*—HON. W. H. BENNETT, Judge.

AFFIRMED.

*John H. Nicholson* for appellant.

*J. C. Killian* for respondent.

NORTON, J.—On motion of plaintiff, the defendant, Isidore Cissell, executor of Joseph Cissell, deceased, filed in the probate court of Perry county, his accounts for final settlement of his testator's curatorship of Mary G. Cissell, plaintiff, and at the August term, 1877, of said court, and on the 18th day of said month, the court adjudged that the sum of $4,598.53 was due plaintiff, and ordered said executor to pay it.  From this judgment an appeal was taken by defendant on the 18th day of January, 1878, to the circuit court of Perry county, and the same was transferred from said court, by change of venue, to the circuit court of Cape Girardeau county, when, on plaintiff's motion, the appeal was dismissed, for the reason that it was not taken either at the term of the probate court at which the judgment was rendered, or within ten days thereafter. From this action of the circuit court defendant has ap-

pealed to this court, and the only question which the record presents is, whether such action was proper.

It is insisted by counsel for defendant that under section 50, 1 Wagner's Statutes, page 681, he was allowed six months after the judgment of the probate court was rendered, within which to take his appeal. This, we think, is erroneous, as it will be seen by reference to said section that it relates only to appeals from the final settlement of living guardians required to be made by section 48, 1 Wagner's Statutes, 681, and not to appeals from a proceeding against an executor of a deceased guardian to have a demand established in favor of the ward against the estate of a deceased guardian, who at the time of his death was entitled to be discharged as such guardian for any of the causes or reasons mentioned in said section 48. The proceeding in this case falls in the latter class, and an appeal from a judgment in such a proceeding is governed by section 2, 1 Wagner's Statutes, page 119, which requires that it shall be taken during the term at which the decision complained of is made, or within ten days thereafter, and as the appeal in this case was not taken within that time, it was properly dismissed.

*1. SETTLEMENT OF DECEASED GUARDIAN'S ACCOUNTS: appeal.*

It is insisted that the court should not have dismissed the appeal, but the proceeding in the probate court, on the ground of want of jurisdiction. Inasmuch as the appeal to the circuit court was not taken within the time prescribed by law, the circuit court had no other jurisdiction over the cause than to dismiss the appeal or strike the cause from its docket. Judgment affirmed. All concur.

*2. APPEALS.*